# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SYED ZAFAR HUSSAIN, <br> # A058 782 430, <br>     Petitioner, <br> vs. <br> <br> JEFF SESSIONS, ATTORNEY <br> GENERAL, et al., <br>     Respondents. | No. 3:17-CV-1042-G (BH) <br> <br> Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241, received on April 18, 2017 (doc. 3), should be **DISMISSED** as moot.

## I. BACKGROUND

Syed Zafar Hussain (Petitioner), an alien under a final order of removal who was detained in the Prairieland Detention Center in Alvarado, Texas, claimed that his continued detention while awaiting removal was unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court held that an alien's detention is limited to a period reasonably necessary to bring about the alien's removal from the United States, which is presumably six months, and he must be released from detention after six months where there is no significant likelihood of removal in the reasonably foreseeable future. *Id*. at 701. On November 29, 2017, the respondents filed a *Notice of Removal* with supporting documents showing that Petitioner was removed to Pakistan on September 5, 2017. (Doc. 8.)

## II. MOOTNESS

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court

jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).

Based on the respondents' documented representation that Petitioner has been removed and is no longer detained pending removal, the § 2241 petition is moot. *See Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal under *Zadvydas* became moot when petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same).

### III. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DISMISSED** as moot.

**SIGNED this 30th day of November, 2017.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE